Good afternoon, Your Honors. Kurt Hermanson of Federal Defenders on behalf of Mr. Mays, the appellant. This case is an issue of first impression. We are bringing before the Court an issue that has not been addressed by any Court in the United States. How does the world? It's a very simple issue. Did the district court or does the district court have jurisdiction to issue a writ of garnishment to grant garnishment in a closed criminal case? What happened in this case was? Do you concede that the district court has jurisdiction in an open criminal case? I do not. So your first position is that if it's a criminal case, you can't have garnishment as non-appropriate family? Correct. In the criminal case. You have to go through a civil proceeding. Correct. Okay. But I don't think the Court needs to have a broad ruling in this case, because in this case, the facts are clear that there was no. Since we're writing on a completely blank slate, who knows what a broad ruling is? But your first position is you need a civil case. Correct. Okay. And in this case. Specifically, you say in this case the case was closed. Yes. When the judge issued his order on July 30th, the case was completely closed. Not only had Mr. Mays completed his sentence, he was off supervised release. Well, I'm a little curious about this completing the sentence business. There is a final judgment entered in the criminal case when the judge imposes a sentence and enters a judgment conviction. Okay. And as far as, I mean, you have an appeal there and there's a possibility of a remand, but there's nothing pending in the District Court. Whether the District Court has, whether the defendant is in prison or parole or probation or supervised release or whatever, there's nothing pending. The case statistics don't reflect the case in the District Court. You can't just walk in the District Court and file a motion, right? So at what point is the criminal case terminated as far as you're concerned? The government. You seem to concede that the case is ongoing so long as the defendant is out serving a sentence or is on supervised release. But I don't understand why that's the case. Well, the Court would have jurisdiction over a defendant if there were an allegation. You can't have jurisdiction over a defendant. I mean, you think the Court can just sort of send the marshals out and call somebody, a defendant to court, who's peacefully serving his probation? No, I don't. They would have limited jurisdiction. The jurisdiction would be if there were no. If the government comes in and files a violation, if somebody files a violation, then the Court has authority. Correct. The case turns on again. And in this case, there was no allegation that the terms of supervised release had been violated. So as far as I'm concerned, it was a dead case, a case that had a final judgment entered into it, and nothing happened in it to arouse the Court's jurisdiction except the filing of the civil garnishment. Correct. And that the garnishment order was not final until after supervised release. Well, you know, you say that, but that's hard. That's your most difficult position. It looks to me like the garnishment order was issued immediately, subject to notice for somebody to come in and litigate about it. Garnishment orders are assumed to be valid as soon as they're issued. But the statute, 28 U.S.C. 3205C, provides a mechanism for the person to challenge it, which is exactly what happened in the case Mr. May filed objections. Let's say you're an employer, and you get this writ, okay? And you get a writ of garnishment. And on its face, it looks like a valid writ of garnishment issued by a district court. And as it happens, on the very next day, the employee is supposed to get a paycheck. Are you allowed to say, no, no, I'm not going to garnish that paycheck? I'm going to pay him the full amount. No, you have to garnish the wages, but there is a procedure. You have to garnish the wages, and if you want to dispute it or he wants to dispute it, either the employer or the garnishee can go into the district court and say, we want that undone. But the employer is not free to, I mean, it is perilous. He ignores the garnishment order and pays the employee the full wages, and if he turns out to be wrong, then the employer then has to pay the same money to the court. Right. Right? I mean, the order is effective immediately. Except it's not final. Huh? But it's not a final order. There is a procedure to challenge the order, and that procedure was followed in this case. Mr. Mays filed objection. But that's quite different from what you've been arguing, which is that there was no garnishment order until after the procedure was complied with. Clearly, there was a garnishment order as soon as the clerk issued the order. Well, the government can't have it both ways. The government's arguing that this isn't even an appealable order, and the order was certainly Why can't the government argue an alternative? What do you mean? You reserve the right to argue an alternative. Why can't the government say we win because of this, and if we don't win because of this, we win because of that? There's nothing wrong with that. We're not in a common law where you're sort of bound by one claim and nothing else. What's extraordinary is that if the Court were to follow what the government is suggesting in their citation to Moore, the Court would have to rule that a garnishment order is never final and can never be appealed. That's the position the government is taking, and that is clearly not true. And when we look at the Moore case — There may be a good reason why they lose on that claim, but that doesn't answer my question to you. I mean, saying the government is making a claim that is so contradictory doesn't help you any. Why is it quite clear, given what you and I have discussed about what happens when the order is entered, and the obligations of the employer or the — The garnishee is the guy with money. Anyway, the employee who gets served the order, the immediate obligation to withhold the money. Why is it quite clear that there was a garnishment order entered on the day the clerk entered the order? And just like any other order that's subject to defeasance or appeal or reconsideration, it doesn't matter. I mean, the order was valid on day issued until something else happened to undo it. Because in this case, we have to look at the statute in deciding whether or not there was an order. And although Your Honor makes a good point, a garnishment order, the employer can't ignore it. But it's not final under — and just — I refer the Court to 3205C — No, no, no. But nobody claims it has to be final. What you have been arguing is there was not even a garnishment order until the district court ruled on the objections. That's what you've been saying, that no order entered until the criminal case expired. Clearly, a valid order was entered while your client was still under supervised release. But it wasn't a final order. It was legally effective. The employer had to comply with it. If nothing else happened, it would have become final. This is not a situation where nothing happens. There's simply a request of the Court and no other issues from the Court, as you have it in your brief, until after the supervised release expires. There were issues from the Court before supervised release expired. But the bottom line is the order wasn't a final order until July 30th, 2004, 26 days after supervised release terminated. So is your position at the end of the day that once the supervised release term ends, the restitution order is rescinded, no longer collectible under any form? No. Our position is simply that Federal courts are courts of limited jurisdiction and that the government, when it goes into Federal court, has to do it properly. The procedure that was followed in this case was for the clerk to call 98CR3213, a closed criminal case. All the government had to do was simply file a civil action. So at the end of the day, where does this get you? If we agree with you 100 percent, the government goes back and files a civil action and garnishes the wages. And then the court would be – then the government would be following the law and the procedure. And it's a fundamental, elemental principle of Federal courts that they're courts of limited jurisdiction. And the government should be – like any other litigant, should be required to follow proper procedures. Well, except the courts have the inherent authority to enforce their own judgments. Wouldn't you agree? Yes. Under the proper procedures. Well, this was a criminal judgment. We're not challenging the validity of the restitution order. What we're challenging is the procedure the government used in getting an order of garnishment. And the government shouldn't be able to just go into a criminal case, have a criminal case that's closed and call it and open it up. Exactly like I can't go into state court and try to reopen a probationary period, which I've tried to do many times, they say we don't have jurisdiction, we can't revisit the issue of probation. For example, if I have a client who has – who I want to get to be eligible for safety valve and they have too many criminal history points, I go over – I can try to go over to state court and get his probationary term reduced so that he will be eligible for safety valve. And they say to me, the courthouse doors are closed. Probation is terminated. We don't have jurisdiction to revisit the issue and to shorten his sentence. And the same should be true for the government. They shouldn't be able to go into a closed criminal case and have orders issued in a closed case. The statute doesn't say one way or the other as to how this garnishment, or what kind of proceeding the garnishment, whether it can be done in a criminal proceeding at all or whether the proceeding has to be an open proceeding. Garnishments, though, normally, if you sort of think about the way – forget about the criminal context. Let's say you get a civil judgment. You might not get a garnishment order until ten years later. You get a judgment and the defendant goes into hiding or hides assets. And, you know, sometime later, two or three years later after the judgment, you track him down working under an assumed name or having property under an assumed name or whatnot, and you go to court and get a garnishment order. The case is long gone, but this seems to be – garnishment seems to be a supplemental remedy that you can get long after the case is over. Isn't that the way garnishments work? That is how garnishments work. But in – You go to the court that issues the judgment, which gives basis to the garnishment, and you have this order entered long after the jurisdiction of the case as such is expired. In civil proceedings and in State courts, where there are courts of general jurisdiction, that happens – Every garnishment order that I've ever heard about, that's how it happens. In fact, it would make no sense at all to limit it to a case that's open, because at the time the district court or the trial court enters its order for the judgment, that winds up being usually a decision that's subject to appeal. You normally don't want to go out garnishing somebody's wages or doing an attachment or whatnot while the appeal is pending because the judgment could well change. So it's customary, and, you know, for good reason, to wait to get supplemental collection proceedings until after the appeal expires. Which is basically what the Moore case is talking about, is that it wasn't a final order because he had a – they didn't say it because it's a short per curiam opinion, but he had a 2255 pending, he had an appeal pending, and so that was an application of the final – Well, I'm trying to communicate this. I don't know that your argument that this was a closed case is particularly persuasive, since garnishments tend to be remedies that are entered by courts in closed cases. That's how they work. Okay. Well, then the bottom line is that the government has the burden of showing that the district court had jurisdiction. And the government has had four opportunities to prove that the district court had jurisdiction. First, on June 4th, when the issue was raised. Second, when they filed briefing before the July 30th hearing. Third, at the July 30th hearing. And fourth, in their brief to this Court. Not once in those four times has the government met its burden of showing that the district court had jurisdiction to garnish wages. And the Supreme Court has said in Bush v. Lucas, talking about how Federal courts are courts of limited jurisdiction, that whose remedial powers do not extend beyond the granting of relief expressly authorized by Congress. So that's the Supreme Court talking about when Federal courts have jurisdiction. Congress has to expressly state that the jurisdiction exists. And to expand it into a closed criminal case where we're using civil remedies would be expanding it beyond what Congress has said. That's the leap here. The fact that you're doing it in a criminal case. The fact that you're doing it in a closed case strikes me as being not a leap at all. It just strikes me as being necessary. It seems to me that when Congress thought about garnishment, it obviously thought about the remedy that would be entered in a closed case. I can't imagine how else you would do it. You have to wait for the case to be closed, for the judgment to be final, before you go collecting it. I mean, you don't have to wait for that, but it is, you know, the more orderly way to do it. You exhaust all your appeals and your amends and whatever, and finally when the judgment has come to rest, you then try to get the defendant to pay, and he won't pay. You pursue him until you catch him, and then you get your supplemental remedies, your attachment, your garnishment. But it doesn't work that way in the criminal context. The government has been getting garnishments all along. Well, the fact that it's closed doesn't strike a couple of us. Well, civil cases are closed when garnishments attach, and you go back in and get the civil remedy within the context of the closed case. Right. So once they open a civil case. Right. And the only question here is whether or not you have a judgment. In this case, it happens to be a criminal judgment as opposed to a civil judgment. And your only question is whether or not that, I mean, I guess the government's argument is it doesn't matter whether it's criminal or civil. You're exercising the garnishment power of the United States pursuant to its ability to collect a judgment. Your argument seems to be that the court is exercising criminal jurisdiction rather than jurisdiction over its judgment, and it seems to me that doesn't make much difference if you have a final judgment. Your argument would be stronger, I think, if it were an open criminal case, perhaps. Theoretically. Congress. But at the end of the day, your client's going to pay the money. But following the correct procedures. I hope he feels better. Well, he's paying anyway. I mean, you're protecting the majesty of the law and inertia and the law of inertia. That's all right. Hopefully the government won't go in and bring a complaint. Mr. Mays is just trying to enforce the fundamental principle that Federal courts, of course, have limited jurisdiction and that courts shouldn't. In this case, the district court assumed it had jurisdiction, and that's backwards. The analysis is. He's protecting us from sort of unseemly exercise of power in the absence of jurisdiction. If Congress is going to bestow jurisdiction, it needs to be expressed. There's no. I think it's highly commendable to do that. Let's hear from the government. Thank you. Good afternoon, Your Honors. Leah Bussell appearing on behalf of the United States. The government's initial position is that the Ninth Circuit's decision in Moore is dispositive of the purposes of the appeal. Okay. The district court did have jurisdiction and properly exercised its jurisdiction in the criminal case because, as the court is aware, the district court has jurisdiction under Title 18, Section 3231 for all offenses that occur against the United States. Under 18 U.S.C. What's 3231? That's. The general jurisdictional statute. General subject matter jurisdiction. For criminal cases, Your Honor. Okay. Under Section 3613A, the effective default by failure to pay a restitution judgment gives the district court the power to take any other action necessary to obtain compliance with its order of restitution. Then under Section 3614, the court is also empowered to resentence upon default. I would note that under Section 3663A, this was a mandatory Victim Restitution Act case. The court was required under Section 3556 to order restitution to the victims of this fraud case. So the court at all times was acting within its jurisdiction and its jurisdictional requirements. Under Section 36. Come again. What does 3632A say? 3613A says one of the effects of default. Okay. Is that what you said? 3613A. You didn't say 3632A. No, I did not, Your Honor. Okay. I misunderstood. I see you're relying on the United States may enforce a judgment opposing a fine in accordance with the practices and procedures for enforcement of a civil judgment under Federal law or State law. Right. Because that applies under Section 3664M to all orders of restitution as well. I'm sorry. You're going to have to go back, because when you spoke about a minute ago, you talked about, you said Section 3632A. 3613. And you said it talks about restitution orders. But that section doesn't talk about restitution orders at all. That was a shorthand on your part. Well, it has the effect of a default, Your Honor, on failure to pay restitution. I'm sorry. Let me pose a question again. Does 3613 have anything to do with restitution on its own terms? 3613A is a separate statute, and it has effective default. 3613 is civil remedies for an unpaid fine, but 3613A is a separate statute. What does that provide? It provides the district court with, in addition to the specific items that it lists, such as revocation of supervised release and resentencing, also authorizes the district court to take any other action necessary to obtain compliance with the order of restitution that is specifically provided in the statute. One of the effects to ensure compliance with the order of restitution includes garnishment to collective, as the court is where all of the judges sitting here have been around prior to 1996. And prior to 1996, there was the Victim Witness Protection Act. That was superseded in 1996 by the Mandatory Victim Restitution Act, which was an attempt by Congress to consolidate all the remedies into one mandatory section for the maximum protection of the victims. The inclusion of a restitution order was mandated by Congress in this case, and it also mandated the United States with the obligation to help collect that for the benefit of the victims. The defendant has not been paying or there would not have been a garnishment issued. We are acting for the benefit of victims as mandated by Congress, and the district court was acting consistent with its original criminal jurisdiction. I don't see 3613A cited in your brief. Is this something you came up with, Simpson, or am I missing it? It's not in your payable contents. There's a couple of citations to 3613 itself and to 3613a. But I don't see big A being cited in the brief. We did not discuss the jurisdictional issue in the brief because the district court inherently believed it had jurisdiction. We did not see it as an issue with respect to the district court system involved enforcement of its original judgment and commitment as to this particular defendant. This is, again, enforcement of the court's own order. But the jurisdiction question was raised by the blue brief, and now you're coming up with an argument citing a statute that wasn't in your brief. Only because I received his 28-J letter, Your Honor, noting that jurisdiction was his major issue. We, again, did not perceive it to be an issue with respect to enforcement of the court's own order. This is not an instance where we sought a separate order after the defendant was sentenced. This defendant was sentenced. One of the terms of his punishment was payment of restitution. That's right. I think we all understand what's going on. The question is whether the court has authority in a criminal case to issue a supplemental order for after the case is over for collection of a judgment in a criminal case. The government's question is a legitimate question, and I don't understand why the government started having a hard time meeting it head-on. The government doesn't have a problem meeting it head-on, Your Honor. The government's position has been from the beginning that this is a comprehensive sentence. When a court sentences a defendant, there are multiple parts to that punishment. There's a term of confinement. There's a term of supervised release. There's a fine and restitution. But none of this speaks to the question of whether the court has authority after the case is over to enter a order for attachment or a pleban or garnishment or any of those normally civil remedies that are entered by a court in a civil case for collection of a civil judgment. It's a separate question. Sure, the court has a right to enter an order of restitution, but nobody disputes that. Right. And, Your Honor, again, it's the government's position that in terms of enforcing the court's judgment, that is part of the district court's original jurisdiction. We do not deem the case, nor does the district court. No, I understand that's your position. Deem the case. I'm asking you for authority. Right. You have to come up with authority supporting that position. It could very well be possible to have a scheme where you enter a criminal judgment and any monetary portion of the judgment that you enter, you have to go bring a separate lawsuit, bring in the criminal judgment as the basis for seeking a civil enforcement. And based on that, the court enters a writ of attachment or whatever in a civil case. That's an entirely possible other scheme. What you have to persuade us is that the case, the court, the district court in a criminal case has authority to issue supplemental correctional orders. Right. And I pointed out to the court that under Section 3664 of Title 18, the court, the government is authorized to enforce the victim restitution order. Of course. Of course. But it doesn't say how. It says in the same. No, the government can go in. One way it can do it is by going into district court, filing a civil case, and enforcing it that way. So saying the government has authority to enforce it tells us nothing about whether the district court in the criminal case has authority to issue a supplemental order. And again, I would point to the provisions of the original district court's jurisdiction of under 3231, then Section 3613a, which defines the effect of a default on payment on restitution, to give the district court the authority. 3613 capital A? Yes, capital A. And then 3614 of Title 18, which gives the district court's jurisdiction to resentence the defendant upon willful default. So you think that the district court would have the authority in this case, even though the sentence had been served on default, to go back, resentence him, and give him more time? Is that where you're headed with this? That's one of the abilities of the district court under Section 3614, is to give more time in the event of a willful default, willful failure to pay. That was not what was sought in this case. I know that 3614 is another statute you don't cite in your brief. I mean, your brief completely missed the issue raised by the Blue Brief. It's like it went off on a disquisition about how important restitution is, and how much Congress cared about it, and all these things. But the issue that's legitimately raised in the Blue Brief, it's like a few passed, it wasn't responded to. That's an interesting provision you just cited, 3614, where you can actually go back and the district court authority, after the defendant has served his sentence, according to the government, to go back and reimpose a different sentence because he defaults on the judgment. First I heard about it. Because it sure as heck wasn't in your brief. And it's a provision I'm going to have to scratch my head about, how the government can do that. So you really take the position, do you, that if he doesn't pay, you can go back and ask Judge Miller to, who is it, Judge Miller, yes? To put him back in the pokey? Your Honor, our position is that it is one of the alternatives that the district court could choose to exercise if we brought it before the court on a willful failure to pay. One of the other provisions. You know, is that a long way of saying yes? It is, but there are provisions within sections. I understand there are always provisions, but basically your position is you could go in and get him back to serve more time, right? And be resentenced. Yes, Your Honor, and be resentenced. Now, under 3664, garnishment is not specifically mentioned. Is that right? That is correct, Your Honor. Okay. What it provides, section 3664M, says we have the full panoply of remedies available to us to collect restitution. Where is this? 3664. 3664M1. What bothers me in this case is that Mays has served his term of incarceration in his period of supervised release. So the period of supervised release is terminated. It is. Now you're going beyond that in trying to collect something you said was part of the. . . The original sentence. Of the original sentence. So I don't see how you can open it up again. The case hasn't been closed in terms of collection of the judgment. Remember. . . Where does it say that? There's nothing in the record that says the case is closed other than. . . If you call the clerk's office, they'll say it's a closed criminal case. Right. And, of course, there's a judgment. Right. But the court treats it as an open case for purposes of collection of the restitution. Well, that's the question here. Right. And whether or not that's a proper. I mean, that's precisely the issue. And, you know, in the provision you cite talks about victims going into being able to get an abstract of judgment for collection. Right. Because under the Victim Witness Protection Act. . . Right. The individual victims used to have to bring separate actions against the defendant under their respective State laws in order to record their judgments in their respective States. So when the Mandatory Victim Restitution Act was enacted in 1996, Congress sought to consolidate all of those remedies within one statute. Yeah, I know that. The difficulty is that it keeps talking about Federal civil proceedings in the manner in the same as civil proceedings. It doesn't really precisely say that you go back in the criminal case and garnish, does it? It just says in the same manner. No, it does not. In the same manner. And the civil proceedings would require perhaps something different. And in this particular case, we already have a judgment that we are seeking to enforce. And that judgment was entered by the district court. And it was a final judgment. Right. That argument is somewhat different. Let's hypothesize. Suppose a condition of release was that the defendant could not leave the State. And now the condition of release is over. And so he goes to New York from Los Angeles. He hasn't violated the condition of release because that's terminated, right? That's correct, Your Honor. But this restitution order was a forthwith restitution order. It was due and payable in full at the time the defendant was sentenced. Right. But how can the provision that you can jail somebody simply for not paying restitution constitutionally survive against prohibition from imprisonment for debt? Well, that's one of the exceptions in that statute is that there is no debtor's prison. Inability to pay is a defense to an attempt to increase the sentence. That's why I said there are exceptions included within the statute. But the bottom line is, if you think he willfully doesn't pay. Yes, Your Honor. If he was flaunting the jurisdiction of the court by willfully failing to pay, such as secreting assets offshore, the court would be free. And if he was not, he would not be able to get into very deep waters very fast. Did Mr. Haynes review this brief before it was filed? He did, Your Honor. Well, would you tell Mr. Haynes that it was not much help and that it does not live up to the standards that have come to expect briefs that he has his name on? The red brief simply just flies past, avoids all the big issues, is a big disposition on how important restitution is, and simply fails to cite the most important and significant provisions bearing on the issue and frankly does not come to grips with what the blue brief presents. It's a disappointing job. Will you tell Mr. Haynes that? I will pass that on. I've seen many of the briefs he has his name on, and this is not one of the better ones. So more helpful. And unfortunately, it does not give us very much help in resolving an issue that is difficult and thorny and, as Counselor said, decided by no other court in the world before. Thank you, Your Honor. Would you like a minute for rebuttal? I don't need a minute, Your Honor, but I would like to just conclude by saying that the government does have the burden. So to the extent this Court views it as a thorny issue, it would be very simple to just issue an opinion reversing and saying that the government hasn't met its burden and showing that the district court had jurisdiction. I thank you for the drafting advice. We will take another submission. Thank you, Your Honor. As we do this case. We are adjourned.
judges: Lay, Kozinski, Thomas